## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRENTON OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:13-cv-01636-TWP-DML |
| D. FOUNTAIN, | ) | |
| B. LUNDSFORD, | ) | |
| Defendants. | | |

### Entry Discussing Complaint, Dismissing Insufficient Claim, and
### Directing Service of Process

Plaintiff Trenton Owens is an inmate at the Pendleton Correctional Facility ("Pendleton").  He brings this civil rights action pursuant to 42 USC § 1983.  He has paid the initial filing fee and the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

### I. Discussion

Owens has named two defendants: 1) Sgt. B. Lunsford, and 2) Case Manager D. Fountain. Owens alleges that on April 22, 2013, he was transferred from the honors unit, which is an outside unit, to another unit within Pendleton because of a disciplinary charge.  When he was transferred, his property was collected and given to Sgt. Lunsford. Owens alleges that Sgt. Lunsford refused return his personal property when he arrived at his new housing unit. Owens' personal property consisted of items he purchased from commissary and family photographs.  This claim fails to state a claim upon which relief can be granted and must be

**dismissed** because it does not rise to the level of a constitutional violation. Deprivation of personal property does not violate due process when adequate state post-deprivation remedies, in the form of the Indiana Tort Claims Act, IND. CODE ' 34-13-3-1 *et seq*., are available. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (AWynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.®).

Owens further alleges that the disciplinary charge was ultimately overturned on appeal and that he was supposed to be returned to the same status he enjoyed before the charge, in terms of his housing and job. Owens' claim against Case Manager Fountain is that Fountain has refused to transfer Owens back to the honors unit until Owens stops filing complaints against Sgt. Lunsford.  Owens alleges that he has received threats on his life from other inmates on the disciplinary unit because of his status as a level one offender, and yet Owens has not been moved.

Although Owens does not have a right to a particular classification or housing unit, he has stated a claim of retaliation in violation of his First Amendment rights against D. Fountain. That claim shall proceed.

## II. Conclusion

For the reasons stated above, the claim against Sgt. Lunsford is **DISMISSED.**  The claim of retaliation against D. Fountain shall proceed.

No partial final judgment shall issue as to the claim dismissed in this Entry.

## III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Case Manager D. Fountain in the manner specified by Rule 4(d). Process shall consist of the

complaint filed on October 11, 2013, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: ___12/02/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Trenton Owens
#214697
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Case Manager D. Fountain
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001